*392 OPINION.
Smith :
In its income-tax return for 1918, the petitioner returned no profit from the sale of its plant to the Pittsburgh Plate Glass Co. at a net price of $100,116.71. The Commissioner has added to the net income reported $12,050.21, as a profit upon the sale of this property. The petitioner alleges error on the part of the Commissioner in so doing.
It appears from the deficiency letter from which this appeal is taken that the Commissioner determined that the March 1, 1913, value of the property sold to the Pittsburgh Plate Glass Co. in 1918 was $104,500. In order to show that the March 1, 1913, value of the property was in excess of that amount, the petitioner caused two appraisals to be made, one in May, 1924, which showed a value for the property at March 1, 1913, of $140,325.87, and another made in May, 1925, by an appraiser who spent two days at the plant. His estimate of the value of the property on the basic date, exclusive of small tools, implements, and office furniture and fixtures, was $119,846.29, and inclusive of such assets, $121,504.76. These appraisals showed the reproduction cost new on March 1, 1913, less an estimated amount for depreciation sustained to that date. Neither appraisal company pretended to have any knowledge as to what the plant would have brought if placed on the market for sale. Officials of the companies stated, however, that if a person had wished to build a plant in 1913, the cost of building the plant at that time, less reasonable depreciation from the time that the petitioner’s plant had been built to March 1, 1913, would be the amounts above stated.
The basis for determining the profit upon the sale of the property is the cost or fair market price or value of the property on March 1, 1913, whichever is higher. The fair market price or value of property must be determined in the instant case from all of the evidence which has a bearing upon that value. In the absence of a sale of the property at or near the basic date, other relevant factors must be taken into consideration in determining such value. In the instant case, it appears that the plant had not been operating at a profit prior to the time when it was acquired by the petitioner in 1907 at a foreclosure sale for less than $50,000 cash; that it had been operated for only about 40 per cent of the time from 1907 to 1917, and that during the ten-year period operations of the plant did not
*393 The only evidence before us as to the March 1, 1913, value of the property in question is the retrospective appraisals made by two appraisal companies in the manner indicated above. We have held in numerous instances that retrospective appraisals upon the cost of reproduction, less an estimate for depreciation, are not of themselves competent evidence to determine the fair market price or value of property. Appeals of Kinsman Transit Co., 1 B. T. A. 552; Rockford Malleable Iron Works, 2 B. T. A. 817; Tibby-Brawner Glass Co., 2 B. T. A. 918; Stokes Milling Co., 2 B. T. A. 1284; Strong, Hewat & Co., 3 B. T. A. 1035.
We are of the opinion that the evidence of record does not warrant a finding of fact that the fair market price or value of the property sold in 1918 to the Pittsburgh Plate Glass Co. had a fair market price or value on March 1, 1913, in excess of $104,500, the amount found by the Commissioner.

Judgment will be entered for the Commissioner.

Tettsselii dissents.